**No. 24-1201**

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

JACQUELINE ARMENDARIZ and CHINOOK CENTER,

*Plaintiffs–Appellants*,

v.

CITY OF COLORADO SPRINGS; DANIEL SUMMEY, a detective with the Colorado Springs Police Department, in his individual capacity; B.K. STECKLER, a detective with the Colorado Springs Police Department, in his individual capacity; JASON S. OTERO, a sergeant with the Colorado Springs Police Department, in his individual capacity; ROY A. DITZLER, a police officer with the Colorado Springs Police Department, in his individual capacity; FEDERAL BUREAU OF INVESTIGATION; and THE UNITED STATES OF AMERICA,

*Defendants–Appellees.*

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
*The Honorable S. Kato Crews, Case No. 1:23-CV-01951-SKC-MDB*

# COMBINED OPPOSITION TO PETITIONS FOR REHEARING EN BANC

Theresa Wardon Benz
Jacqueline V. Roeder
Kylie Ngu Putnam
DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street, Suite 700
Denver, Colorado 80205
Tel.: (303) 892-9400
theresa.benz@davisgraham.com

Timothy R. Macdonald
Sara R. Neel
Anna I. Kurtz
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, Colorado 80203
Tel.: (720) 402-3151
tmacdonald@aclu-co.org

*Counsel for Jacqueline Armendariz and Chinook Center*

# TABLE OF CONTENTS

**Page**

Introduction ....................................................................................................1

Background ......................................................................................................2

Argument..........................................................................................................4

I. The Panel Did Not Define Clearly Established Law at Too High a Level of Generality. .........................................................................4

A. The Panel Correctly Concluded that the First Warrant Lacked the Particularity Necessary to Justify Qualified Immunity. ..................4

B. The Panel Correctly Concluded that the Second Warrant Lacked the Particularity Necessary to Justify Qualified Immunity. ........................................................................................8

C. The Panel Correctly Concluded the Third Warrant Also Lacked the Particularity Necessary to Justify Qualified Immunity. ...............10

II. The Panel Properly Considered and Weighed the Magistrate's Approval of the Warrants. ...........................................................................12

III. The Petition Presents No Issue of Exceptional Importance Warranting En Banc Review. ...............................................................................13

Conclusion ......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cassady v. Goering*,
567 F.3d 628 (10th Cir. 2009) ........................................................2, 3, 4, 8, 9

*City of Tahlequah v. Bond*,
595 U.S. 9 (2021)...........................................................................................10

*Halley v. Huckaby*,
902 F.3d 1136 (10th Cir. 2018) .........................................................................7

*Messerschmidt v. Millender*,
565 U.S. 535 (2012)...................................................................................2, 12, 13

*Mink v. Knox*,
613 F.3d 995 (10th Cir. 2010) ..............................................2, 3, 4, 5, 8, 11

*Rivas-Villegas v. Cortesluna*,
595 U.S. 1 (2021)...........................................................................................10

*Stonecipher v. Valles*,
759 F.3d 1134 (10th Cir. 2014) .......................................................................12

*United States v. Brooks*,
427 F.3d 1246 (10th Cir. 2005) .......................................................................10

*United States v. Christie*,
717 F.3d 1156 (10th Cir. 2013) .......................................................................10

*United States v. Cotto*,
995 F.3d 786 (10th Cir. 2021) ...........................................................................5

*United States v. Griffith*,
867 F.3d 1265 (D.C. Cir. 2017)..........................................................................7

*United States v. Leary*,
846 F.2d 592 (10th Cir. 1988) ..................................................................2, 3, 4, 8

*United States v. Leon*,
468 U.S. 897 (1984)...........................................................................5, 7, 12, 13

*United States v. Mora*,
989 F.3d 794 (10th Cir. 2021) ........................................................................6, 7

*United States v. Palms*,
21 F.4th 689 (10th Cir. 2021) ........................................................................10

*Voss v. Bergsgaard*,
774 F.2d 402 (10th Cir. 1985) ........................................................................2, 3, 4, 8

**Other Authorities**

10th Cir. R. 40(b)(2)(D)........................................................................13, 14

10th Cir. R. 40.1(A) ........................................................................1, 2

10th Cir. R. 40.1(B) ........................................................................1, 2, 14

U.S. Const. amend. IV ........................................................................5, 6, 7, 10

## Introduction

Detective Daniel Summey ("Summey"), Sergeant Roy Ditzler ("Ditzler"), Sergeant Jason Otero ("Otero"), and Detective Bradley K. Steckler ("Steckler") (Ditzler, Otero, and Steckler collectively, the "City Detectives;" all four collectively, the "Officers") petition this Court for rehearing en banc of the Panel's denial of qualified immunity for three overbroad search warrants. Summey filed his Petition for Partial Rehearing *En Banc* on June 24, 2026 (ECF No. 91) (the "Summey Petition"), challenging qualified immunity as to the first two warrants. The City Detectives filed their Petition for Rehearing *En Banc* on June 25, 2026 (ECF No. 93) (the "City Petition"), challenging qualified immunity as to all three warrants.

Neither Petition identifies any point of law or fact the Panel overlooked or misapprehended and indeed, neither asks for panel rehearing. Instead, the Petitions assert that this Court should rehear the case en banc, an "extraordinary" remedy that is "disfavored," and reserved for exceptional circumstances where the panel's opinion conflicts with Supreme Court precedent or there is intra-circuit conflict. 10th Cir. R. 40.1(A), 40.1(B). But neither Petition comes close to making the requisite showing to obtain en banc review. The Officers reargue at a high level of abstraction the same positions the Panel already considered and rejected—that generalized propositions about particularized inquiry and magisterial approval

should shield them from liability. But the Panel's decision rested on well-established Tenth Circuit precedent: *Mink v. Knox*, 613 F.3d 995 (10th Cir. 2010); *United States v. Leary*, 846 F.2d 592 (10th Cir. 1988); *Voss v. Bergsgaard*, 774 F.2d 402 (10th Cir. 1985); and *Cassady v. Goering*, 567 F.3d 628 (10th Cir. 2009). These cases have long made clear that warrants lacking sufficient limiting principles violate the Fourth Amendment's particularity requirement, and that no reasonable officer could believe such a deficient warrant was valid. A neutral magistrate's approval does not provide a "shield of immunity" when the warrant is so facially deficient that executing officers cannot reasonably presume it to be valid. *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). The Panel applied these principles faithfully and nothing in the Petition warrants rehearing en banc, an "extraordinary" remedy that is "not [r]outine." 10th Cir. R. 40.1(A), 40.1(B).

**Background**

The Panel reversed the district court's grant of qualified immunity for three overbroad search warrants obtained after a July 2021 housing-rights march. The first warrant, drafted by Summey and approved by Ditzler, authorized the search and seizure of all of Armendariz's electronic devices from her apartment. Op. at 9–12. The second warrant, also drafted by Summey and approved by Ditzler, authorized a 26-keyword search without temporal limitation, and a two-month file search of those devices. *Id.* at 12–14. The third warrant, drafted by Steckler and

approved by Otero, authorized the seizure of certain categories of data from the Chinook Center's Facebook profile. *Id.* at 14–16.

The Panel held all three warrants violated clearly established law. As to the first warrant, the Panel concluded the affidavit failed to establish a nexus between the crime and the broad array of devices sought, making the warrant "so facially deficient" that no reasonable officer could presume it valid. *Id.* at 24–33. As to the second warrant, the Panel held that the keyword search swept in data unconnected to the crime, lacked temporal limitation, and failed to distinguish between searchable and seizable data. *Id.* at 33–48. Finally, the Panel found the third warrant overbroad because it authorized seizure of all subscriber information, posts, and chats for a time period regardless of their relation to the investigation. *Id.* at 50–58.

The Panel denied qualified immunity as to all three warrants, relying on four Tenth Circuit cases—*Mink*, *Leary*, *Voss*, and *Cassady*—each holding that warrants without sufficient limiting principles lack particularity and that no reasonable officer could presume such warrants are valid. *Id.* at 32–33, 48–49, 58.

## Argument

### I. The Panel Did Not Define Clearly Established Law at Too High a Level of Generality.

Summey and the City Detectives contend the Panel defined clearly established law at too high a level of generality. Summey Pet. at 12; City Pet. at 15–21. This mischaracterizes the Panel's analysis. The Panel did not rely on abstract propositions that warrants must be particular. It identified specific, binding Tenth Circuit precedent—*Mink*, *Leary*, *Voss*, and *Cassady*—holding that warrants lacking sufficient limiting principles violate the particularity requirement, and then applied that precedent to the specific defects in each warrant. The Panel properly concluded that because these warrants suffered from similar deficiencies condemned in those cases, no reasonable officer could have believed they were valid. Op. at 32–33, 49–50, 58.

#### A. The Panel Correctly Concluded that the First Warrant Lacked the Particularity Necessary to Justify Qualified Immunity.

The Panel majority properly concluded that the first warrant violated clearly established law and that Summey was therefore not entitled to qualified immunity. Op. at 24–33. Nevertheless, Summey and Ditzler contend the Panel's decision "is inconsistent with the Supreme Court and this Court's case law." Summey Pet. at 14; City Pet. at 17. In essence, they argue that because the transfer-of-data theory presented a debatable and unresolved legal question, their reliance on the magistrate's approval was objectively reasonable. *Id.* However, this argument

misapprehends the Panel's reasoning and the governing law. The Panel did not purport to resolve some open question about transferring data from digital devices. It held that the first warrant was "so facially deficient" that no reasonable officer could presume it valid. Op. at 32–33 (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). The Panel correctly recognized that the affidavit established, at most, that Armendariz had a cell phone at the protest, yet the warrant authorized seizure of *all* her digital devices, whatever they may be, and ultimately included two laptops, an external hard drive, and three cell phones. Op. at 29–30 (emphasis added).

As the Panel found, "[a] warrant is overly broad if it does not contain sufficiently particularized language that creates a nexus between the suspected crime and the items to be seized." Op. at 22 (quoting *Mink,* 613 F.3d at 1010). "Without a proper nexus, a warrant violates the Fourth Amendment by 'authoriz[ing] the seizure of items as to which there is no probable cause." *Id.* (quoting *United States v. Cotto*, 995 F.3d 786, 798 (10th Cir. 2021). This was precisely the case here, where Defendants seized three cell phones, two computers, and an external hard drive, all of which they had no knowledge even existed, let alone that there was a nexus between the crime and all these devices. The warrant's sole justification for this expansive search and seizure was the assertion that people "regularly attach their phones to their computers" and "store digital data on

numerous devices." *Id*. at 29–30. As the Panel recognized, this Court rejected nearly identical language in *Mora* because the statements were not "specific to Defendant's crime or circumstances." *United States v. Mora*, 989 F.3d 794, 801 (10th Cir. 2021). The Panel further explained that the affidavit was "entirely speculative," relied on an "extremely flimsy" purported nexus and an "antiquated view of how people use their cell phones with other electronic devices." Op. at 28, 30. Upholding the first warrant would allow for "seiz[ing] all electronic devices without any showing they may contain evidence of the crime under investigation," simply because an individual was charged with a crime, a crime which was entirely unrelated to the use of any electronic devices. *Id.* at 31.

As the Panel recognized, "the officers lacked even arguable probable cause to search for and seize Armendariz's electronic devices because there was no nexus established between the bulk of the devices and the crime being investigated." *Id.* at 25. "[A]n officer could not reasonably believe that the information in Armendariz's devices, if any information existed and whatever those devices may be, would further an investigation into the spontaneous attempted assault that happened at a certain time and place away from her home." *Id.* at 28. It is clearly established that the Fourth Amendment requires more. *See id.* at 30.

Summey and Ditzler further contend the Panel improperly relied on *United States v. Griffith*, 867 F.3d 1265 (D.C. Cir. 2017), and *United States v. Mora*, 989 F.3d 794 (10th Cir. 2021). Summey Pet. at 16–17; City Pet. at 17–18. However, the Panel's holding did not rest on either case alone. It rested on the *Leon* exception, addressed more fully in Section II *infra*, that the warrant was "so facially deficient" that no reasonable officer could presume its validity. Op. at 32–33. *Mora* simply confirmed the principle that conclusory statements lacking specificity to the defendant's crime fail to establish probable cause. *Id.* at 29. The Panel correctly noted that, "[a]s we said in *Mora*, 'allowing officers to search a home based solely on an affiant's experience and pure speculation would perpetuate that evil (which the Fourth Amendment is directed against.).'" *Id.* at 28 (quoting *Mora*, 989 F.3d at 800). "Like in *Mora*, the affidavit here did not contain facts connecting the criminal activity under investigation to the electronic devices. *Id.* at 29. And, in any event, there is no requirement that cases "be exactly parallel" to the facts at issue here because "general statements of the law can clearly establish a right . . . if they apply with obvious clarity to the specific conduct in question." *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018) (internal quotations and citation omitted).

### B. The Panel Correctly Concluded that the Second Warrant Lacked the Particularity Necessary to Justify Qualified Immunity.

The Officers contend the Panel conflated overbreadth and particularity, relied on cases involving warrants with far more severe defects, and overlooked that this Court had never before invalidated a warrant for overbroad search terms. Summey Pet. at 17–19; City Pet. at 18–20. None of these arguments identifies a conflict with controlling authority.

The Officers' attempt to distinguish *Leary*, *Voss*, *Mink*, and *Cassady* is unpersuasive. Summey Pet. at 17–18; City Pet. at 18–19. In *Leary*, this Court held a warrant "overbroad in every respect" where it authorized seizure of business records relating to "the purchase, sale and illegal exportation of materials in violation of the federal export laws"—providing officers no way to distinguish seizable from non-seizable documents. 846 F.2d at 594, 601, 604–06. In *Voss*, this Court invalidated a warrant authorizing seizure of all of an organization's business records, limited only by a statutory reference, holding such a reference "does not constitute a constitutionally adequate particularization." 774 F.2d at 405. In *Mink*, this Court recognized that it is "clearly established that warrants must . . . meet the particularity requirement" and invalidated a warrant that contained no reference to any specific crime, thus authorizing a "general, exploratory rummaging in a person's belongings." 613 F.3d at 1010–11. And in *Cassady*, this Court denied qualified immunity where the warrant authorized seizure of "all other evidence of

criminal activity[,]" language that "permit[ted] search for any evidence of any crime" despite probable cause only for marijuana cultivation, and holding that the clearly established prong was "easily satisfied" in light of the warrant's "impermissibl[e] over[breadth]." 567 F.3d at 635–37, 642–44.

As the Panel recognized, each case invalidated warrants suffering from similar flaws present here: the absence of limiting principles to confine the search to evidence of a specific crime. Op. at 49. Indeed, the second warrant authorized officers to search all six of Armendariz's seized devices for twenty-six keywords without any time limitation. The Panel noted that the "broad scope of the search—which encompassed any message with 'right,' 'bike,' or 'housing' . . . would inevitably return data unrelated to the attempted assault" and "[w]ithout any principle limiting the data officers could seize, the warrant failed to protect against serious intrusions into Armendariz's privacy," further adding to the "warrant's overbreadth." *Id.* at 39. As the Panel correctly explained, the keyword search "failed to limit the search and seizure to evidence related to the crime under investigation." *Id.* at 35. The second warrant also allowed for search of any of Armendariz's files for a two month time period without any explanation of "why a two-month period would be needed for this alleged attempted assault." *Id.* at 45. Upholding the second warrant would allow "officers to search for and seize data

completely unrelated to any crime," *id.* at 36, and it is clearly established that the Fourth Amendment does not permit such searches. *Id.* at 49.

Summey's reliance on *United States v. Brooks*, 427 F.3d 1246 (10th Cir. 2005), *United States v. Christie*, 717 F.3d 1156 (10th Cir. 2013), and *United States v. Palms*, 21 F.4th 689 (10th Cir. 2021), is therefore misplaced. Summey Pet. at 19. In each case, the warrant contained express language confining the search and seizure to evidence of the specific crime: "evidence of child pornography" in *Brooks*, 427 F.3d at 1252; "[a]ll records and information relating to the murder, neglect, and abuse of" a specific child in *Christie*, 717 F.3d at 1165; and evidence "related to the crime of Human Trafficking" in *Palms*, 21 F.4th at 694. These cases confirm that a warrant limiting seizure to evidence of a specific crime satisfies the particularity requirement. But, as the Panel recognized, the second warrant here contained no such limit. Op. at 35–42.

### C. The Panel Correctly Concluded the Third Warrant Also Lacked the Particularity Necessary to Justify Qualified Immunity.

The City Detectives separately contend that the Panel's holding regarding the third warrant (i.e., the Facebook warrant) rests on "materially distinguishable" authority in violation of *Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021), and *City of Tahlequah v. Bond*, 595 U.S. 9 (2021), arguing that because Facebook warrants are "a novel hybrid of a traditional warrant and a subpoena," specifying the suspected offense is "functionally unnecessary." City Pet. at 21. Under this theory,

the City Detectives essentially contend that the Panel could not rely on cases addressing conventional warrants to clearly establish law governing a Facebook warrant. *Id.*

This argument fares no better than the Officers' arguments as to the first two warrants. Rather than fashioning a novel rule for warrants directed at social media platforms, the Panel extended the "same clearly-established law analysis" that governed the second warrant, because the third warrant shared a similar defect. Op. at 58. Specifically, the Panel determined that the third warrant failed to include any limiting principles restricting the search and seizure to evidence of the underlying investigation. *Id.* at 55 ("The warrant's language thus failed to limit the search and seizure to evidence of the identified crimes."). Under these principles, the Panel denied qualified immunity because the third warrant authorized the seizure of all subscriber information, all posts, and all chats for a time period without limiting any of those categories to the underlying investigation. Op. at 52–58. As the Panel explained, this Court need not "point to a case considering a Facebook warrant to find a clearly established right" because "general statements of the law are not inherently incapable of giving fair and clear warning." *Id.* at 58 (citing *Mink*, 613 F.3d at 1001). Notably, the Panel was unanimous in holding that the City Detectives were not entitled to qualified immunity for the third warrant. Op. at 58 and Dissent Op. at 88 (Bacharach, J., concurring in part and dissenting in part).

## II. The Panel Properly Considered and Weighed the Magistrate's Approval of the Warrants.

The Officers' argument that the Panel failed to accord meaningful weight to the neutral magistrate's approval fares no better. Summey argues that the approval of the first two warrants by state-court judges, coupled with supervisor review, required qualified immunity under *Messerschmidt* and *Stonecipher.* Summey Pet. at 5–6, 14, 17–19. The City Detectives make the same argument as to all three warrants. City Pet. at 21–24. But the Panel expressly acknowledged that "[a] neutral magistrate judge's issuance of a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]" Op. at 23 (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014)). The Panel did not disregard this principle; it applied the recognized exception.

As the Supreme Court held in *Messerschmidt*, a magistrate judge's approval does not confer upon the officer blanket immunity. Rather, the "shield of immunity" is lost when the warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers [could not] reasonably presume it to be valid." *United States v. Leon*, 468 U.S. 897, 923 (1984); *see Messerschmidt*, 565 U.S. at 547. "[T]he threshold for establishing this exception is a high one," *Messerschmidt*, 565 U.S. at 547, but it was met here.

The Officers' reliance on *Messerschmidt* is further undermined by the critical distinction between that case and this one. In *Messerschmidt*, the Court found the warrant's arguable defect "would have become apparent only upon a close parsing of the warrant application, and a comparison of the supporting affidavit to the terms of the warrant." 565 U.S. at 556. Here, the overbreadth of all three warrants was self-evident.

Moreover, in *Messerschmidt*, the warrant had been reviewed by a supervisor, a deputy district attorney, and a neutral magistrate, yet the Court still recognized that such layered approval does not "automatically render an officer's conduct reasonable." 565 U.S. at 555–56. The Panel did not overlook or misapprehend the significance of the magistrate's approval; rather, it considered this precedent and still held that "the facts alleged support that the warrant was 'so facially deficient . . . that the executing officers c[ould not] reasonably presume it to be valid.'" Op. at 32–33 (*quoting Leon*, 468 U.S. at 923). The Panel correctly concluded that judicial approval did not transform these facially overbroad warrants into warrants on which a reasonable officer could rely.

## III. The Petition Presents No Issue of Exceptional Importance Warranting En Banc Review.

The City Detectives' claim of exceptional importance conflates qualified immunity's general significance as a doctrine with the case-specific showing Rule 40(b)(2)(D) demands, i.e., that "the proceeding involve[] one or more questions of

exceptional importance, each concisely stated." City Pet. at 24; 10th Cir. R. 40(b)(2)(D). Under Rule 40.1(B), en banc review is an "extraordinary procedure" reserved for issues of "exceptional public importance," not a routine corrective for disagreement with a panel's application of settled law. 10th Cir. R. 40.1(B). Were the doctrine's abstract importance enough to satisfy this standard, nearly every appeal involving qualified immunity would warrant en banc review. Ultimately, because the Panel committed no error and the Petitions present no question of exceptional importance, the Petitions fail to satisfy Rule 40's stringent standards and should be denied.

## Conclusion

The Petitions show the Officers disagree with the Panel's opinion, but do not show intra-circuit conflict or conflict with Supreme Court precedent that would justify the extraordinary relief they seek. Accordingly, Plaintiffs respectfully request the Court deny the Petitions.

Date: July 27, 2026

Respectfully submitted,

*/s Theresa Wardon Benz*
Theresa Wardon Benz
Jacqueline V. Roeder
Kylie Ngu Putnam
DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street, Suite 700
Denver, Colorado 80205
Tel.: (303) 892-9400
theresa.benz@davisgraham.com

Timothy R. Macdonald
Sara R. Neel
Anna I. Kurtz
Mark Silverstein
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, Colorado 80203
Tel.: (720) 402-3151
tmacdonald@aclu-co.org

*Counsel for Plaintiffs*

## Certificate of Compliance

I certify that this brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Times New Roman in 14-point type with the exception of the caption which is in Times New Roman 13-point type.

I further certify that this brief complies with the length of Fed. R. App. P. 40(d)(3)(A) and Fed. R. App. P. 32(g)(1) because it contains 3,167 words, excluding the parts of the brief exempted under Rule 32(f), according to the count of Microsoft Word.

Dated: July 27, 2026 /s/ *Theresa Wardon Benz*

**Certificate of Service**

I certify that on July 27, 2026, the foregoing Combined Opposition to Petitions for Rehearing En Banc was filed electronically through CM/ECF which will cause notice on all counsel of record including:

Anne Hall Turner
OFFICE OF THE CITY ATTORNEY OF THE CITY OF COLORADO SPRINGS
30 South Nevada Avenue, Suite 501
Colorado Springs, Colorado 80903
anne.turner@coloradosprings.gov

*Counsel for Defendants City of Colorado Springs, B.K. Steckler, Jason S. Otero and Roy A. Ditzler*

Marissa R. Miller
U.S. ATTORNEY'S OFFICE
1801 California Street, Suite 1600
Denver, Colorado 80202
Marissa.Miller@usdoj.gov

*Attorney for Defendants Daniel Summey, Federal Bureau of* Investigation*, and the United States*

Sarah Clark Griffin
U.S. DEPARTMENT OF JUSTICE
Civil Division, Room 7216
950 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20530-0001
sarah.c.griffin@usdoj.gov

/s/ *Katherine Henry*